No. 300

### JACKSON .v. CLEVELAND RAILWAY CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4733. Decided Jan. 21, 1924

1115. STREET RAILWAYS—Street Railway Company held not liable for condition of street where jury found in former proceedings that street was not out of repair.

829. NEGLIGENCE—Where a jury found that the proximate cause of an accident was a failure to give warning it cannot later be claimed that the proximate was the defective condition of the street, for which the Street Car Company owed a contractual duty to keep in repair.

VICKERY, P. J.

#### Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action by Mary Jackson against the Cleveland Railway Co. to recover damages for personal injuries. Prior to 1918 Mary Jackson was a passenger on one of the defendant's street cars in East Cleveland. While she was alighting from the street car at a regular stopping place, the street car was struck in the rear by a big truck owned by Wenham and driven by one of his employes· The impact threw the plaintiff to the pavement and severely injured her. In her original action, she sued the City of East Cleveland, The Cleveland Railway Company, and Wenham, setting up three several causes of negligence. At the time of the accident the center strip of the street occupied by the Cleveland Railway was three inches lower than the rest on either side, and that there was a sloping cement pavement from the higher level to the lower level. Wenham's truck was being driven in the depressed strip occupied by the Railway Company's tracks and in attempting to avoid running into the rear end of the street car, he attempted to get upon the higher level of the street and in so doing the truck skidded and hit the street car.

The charge of negligence brought against the City of East Cleveland was that it permitted the street to get out of repair; the

ground of negligence against the Cleveland Railway was that it kept no look-out and that the conductor was negligent in failing to warn plaintiff that a truck was behind, and the ground of negligence against Wenhan was that he failed to keep his truck under such control that he could stop his truck in time to prevent its striking the street car. At the trial, the court directed a verdict for the City of East Cleveland on the theory that no cause of action had been proved against it.

A verdict was rendered for $15,000 against the Cleveland Railway and Wenham. The Cleveland Railway prosecuted error. The case was reserved as to Cleveland Railway Company upon the ground that it owed no such duty to a passenger. Prior to the second trial the plaintiff filed an amended petition setting forth that the Street Car Company was negligent in permitting the street to get out of repair. At the second trial the lower court directed a verdict in favor of the Railway Company, whereupon the plaintiff prosecuted error. In sustaining the judgment of Judge Cull, the Court of Appeals held:

1. As the question as to whether the street was in good repair was adjudicated in the first trial in favor of the City of East Cleveland, the Railway Company was not liable for any injuries which might result from such condition of the street, for which it was under a contractual duty to repair.

2. As the jury in the first trial found that the proximate cause of the plaintiff's injuries was the failure to give a warning to the plaintiff that a truck was behind and might strike the street car, it cannot be said that the proximate cause was a depression in the street, which tht jury in the first trial had already determined was not the proximate cause, and had nothing to do with the accident.

Judgment sustained.

Attorneys—Payer, Winch, Minshall & Karch, for Jackson; Squire, Sanders & Dempsey, for Railway; all of Cleveland.